UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NAKISHA JACKSON                          CIVIL ACTION NO. 20-cv-0238

VERSUS                                   CHIEF JUDGE HICKS

KRISTY COLVIN WILSON, ET AL              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

NaKisha Jackson ("Plaintiff"), who is self-represented, filed an earlier civil action

that complained about a state court protective order that was issued against her.  The person

who requested the protective order was the wife of a man with whom Plaintiff alleged she

had been friends for 20 years.  Plaintiff contacted the woman by social media to complain

of what Plaintiff alleged was a fake charity run by the woman.  The woman then asked the

state court for an order that would direct Plaintiff not to contact her.

Plaintiff responded by filing suit in this federal court against the State of Louisiana,

Judge Roy Brun, and Clerk of Court Mike Spence. This court dismissed Plaintiff's

complaint with respect to the state for lack of jurisdiction; the claims against the judge and

clerk were dismissed for failure to state a claim on which relief may be granted.  NaKisha

Jackson v. Roy Brun, et al, 19-cv-1006 (W.D. La.).

Plaintiff has now commenced this civil action against four individuals who she

alleges requested or obtained protective orders against her in state court.  She asserts claims

of malicious prosecution.  For the reasons that follow, it is recommended that this civil

action be dismissed for lack of subject matter jurisdiction.  In the alternative, the complaint fails to state a claim on which relief may be granted.

**Subject Matter Jurisdiction**

The court has a duty to examine the basis for subject matter jurisdiction.  Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).  "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994).  "They possess only that power authorized by Constitution and statute."  Id.  There is a presumption that a suit lies outside that limited jurisdiction.  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).  The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum.  Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

Plaintiff's complaint invokes diversity jurisdiction, which is governed by 28 U.S.C. § 1332.  For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship.  Bynane v. Bank of New York Mellon, 866 F.3d 351, 355 (5th Cir. 2017).  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing a factual basis for jurisdiction.  Id.

Plaintiff alleges that she is a citizen of Texas and that all four defendants are citizens of Louisiana.  This meets the complete diversity of citizenship requirement.  Relevant to the amount in controversy, Plaintiff alleges that the four defendants pursued separate legal actions against her, falsely accused her of crimes, and harassed her.  In the portion of the complaint in which Plaintiff was directed to specify the relief that she seeks, Plaintiff wrote that she wanted separate awards of $50,000 in damages against Kristy Wilson, Earsel

—

Devers, and Dita Walker. She asked for an award of $2,500 in damages against Kennedi Baylor. That is not sufficient to establish the required amount in controversy.

Generally, the amount in controversy threshold must be met as to a plaintiff's claims against each defendant. Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961). Where a plaintiff pleads separate and distinct claims against more than one defendant, "the test of jurisdiction is the amount of each claim, and not their aggregate." Id. Claims by a single plaintiff against multiple defendants can be aggregated only if the defendants are jointly liable to the plaintiff, such as two insurers who separately insured against the same risk. Id. If the defendants are severally or separately liable, the plaintiff must satisfy the amount in controversy requirement against each individual defendant. Costello v. Capital One NA, 2008 WL 1766983, *2 (W.D. La. 2008).

Plaintiff's complaint contains few facts, but her recent motion for summary judgment provides some additional information. Plaintiff alleges in the motion that the four defendants separately pursued protective orders against her. She alleges that Judge Brun granted Kristy Wilson a temporary protective order, which Plaintiff states she has appealed due to fraud. Plaintiff alleges that Kristy's mother, Earsel Devers, "also filed a separate protective order to cover herself." Plaintiff states that she recently filed motions to vacate that order, with an appeal to follow if necessary. Plaintiff alleges that Dita Walker and Kennedi Baylor "do not have judgments against me at the time of mailing of the filed complaint," but Plaintiff appears to allege that there are pending state court proceedings involving those two defendants.

Plaintiff invokes the tort of malicious prosecution.  She has alleged separate tort claims against each of the four defendants, so at least one of those separate claims must have an amount in controversy exceeding $75,000 before the federal court may exercise jurisdiction.  Plaintiff has not made a good faith prayer for such an amount with respect to any particular claim, so the court lacks subject matter jurisdiction over her complaint.

Even if the four defendants were alleged to be joint tortfeasors by virtue of a conspiracy or otherwise, Louisiana law provides that a joint tortfeasor is not liable for more than his degree of fault and is not solidarily liable with any other person for damages attributable to the fault of that other person.  Dumas v. State ex rel Department of Culture, Recreation & Tourism, 828 So.2d 530, 537 (La. 2002).  Plaintiff has not met her burden with respect to the required amount in controversy, so her complaint should be dismissed for failure to establish subject matter jurisdiction.

**Lack of Merit**

Plaintiff's complaint does not invoke a specific theory or cause of action, but her motion for summary judgment asserts that this "is a clear case of malicious prosecution" because the defendants sought protective orders against Plaintiff in state court.  Plaintiff complains that the four requests for protective orders were filed in the wrong jurisdiction, are based on fraud, and are otherwise improper.

Louisiana recognizes the tort of malicious prosecution based on the filing of a civil suit, but "[a]ctions of this sort have never been favored, and, in order to sustain them, a clear case must be established where the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent." Johnson v. Pearce, 313 So.2d

812, 816 (La. 1975).  In an action for malicious prosecution, the plaintiff must prove the following elements:

> (1) The commencement or continuance of an original criminal or civil judicial proceeding.
>
> (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
>
> (3) Its bona fide termination in favor of the present plaintiff.
>
> (4) The absence of probable cause for such proceeding.
>
> (5) The presence of malice therein.
>
> (6) Damage conforming to legal standards resulting to plaintiff.

Ferrant v. Parish of Tangipahoa ex rel Coroner's Office, 822 So.2d 118, 120 (La. App. 1st Cir. 2002).  A claim of malicious prosecution is actionable only where there has been strict compliance with all essential elements.  The lack of any one of these elements is fatal to the claim.  McClanahan v. McClanahan, 82 So.3d 530, 534 (La. App. 5th Cir. 2011).

Plaintiff has not alleged a bona fide termination of the state court proceedings in her favor with respect to any of the protective order proceedings.  She alleges that Kristy Wilson was granted an order, and Plaintiff states that she has appealed it.  Similar allegations are made with respect to the protective order obtained by Earsel Devers.  Plaintiff does not even allege that the proceedings initiated by Dita Walker or Kennedi Baylor have been completed.  There is no allegation that any of the four proceedings have resulted in a termination in favor of Plaintiff.  Absent that critical element, Plaintiff may not state an actionable claim for malicious prosecution under Louisiana law.  Thus, even if

the court were to find that it had subject matter jurisdiction over the complaint, the complaint would have to be dismissed for failure to state a claim on which relief may be granted.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of March, 2020.

Mark L. Hornsby
U.S. Magistrate Judge